185.   <u>Eleventh Corruption Red Flag</u>:  The Appellate Division does nothing about the lower court rewriting their decision by taking out the 37 words that defined my rights.

186.   <u>Twelfth Corruption Red Flag</u>:  The Appellate Division does nothing about the sanctions, which they know are unjust and completely unwarranted.

187.   <u>Thirteenth Corruption Red Flag</u>:  Refusing to deposition the sponsor of the co-op, since the judges knew he would say their interpretations were illogical and made no sense.

188.   <u>Fourteenth Corruption Red Flag</u>:  The discrepancy between Justice Kornreich's admissions at the March 18, 2014 hearing and her final July 15, 2014 decision are clear-cut evidence of corruption, and possibly of bribery.

189.   <u>Fifteenth Corruption Red Flag</u>:  Following in the judges' corruption, Defendants never asked why I was twice asked for a waiver.  The courts implicitly held that only if I waive my rights will they acknowledge that I have them.

190.   <u>Sixteenth Corruption Red Flag</u>:  Refusing to admit the intent of the sponsor in conveying the utilization of air rights prior to making the Offering Plan effective when the defendants themselves admitted, repeatedly, that the clear intent of the sponsor was to convey the utilization of development rights.

## CONCLUSION

191.   Attorney-Defendants engaged in obstructing justice and were accomplices in a conspiracy that seized $100 million worth of air rights that were expressly and exclusively conveyed to and reserved for the utilization of my apartment in a commercial co-op through the Seventh Paragraph Footnote to the Schedule of Units found in the Amended Offering Plan for 450 West 31st Street Owners Corp., which is located in the Hudson Yards District of Manhattan.

62

192.    Defendants' acts and omission, committed under color of law, were the but-for cause of the deprivation of my Constitutional rights.  Defendants were instrumental in the conspiracy.  By failing to perform their duty, they are accomplices in the judicial misconduct and criminality that has resulted in the damages presented herein.  Defendants could not have treated me with more disdain.

## CAUSES OF ACTION

### FIRST CLAIM:  VIOLATION OF THE EQUAL PROTECTION CLAUSE

193.    Plaintiff incorporates by reference all paragraphs previously alleged herein.

194.    The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution states that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws" (U.S. Const. am. 14, §1).  Equal protection guarantees under the United States and the New York Constitutions are substantially equivalent, and thus the same legal analysis for constitutionality is employed. *Matter of Care & Maintenance of KC*, 420 NW 2d 37 (1988).

195.    Defendants are for the most part attorneys.  Defendants perfectly understand that what Supreme Court, Commercial Division Justices Friedman and Kornreich, and the Appellate Division, First Department Justices did in rewriting my contract was a violation of every principle of contract interpretation.

196.    Judges have immunity from suit, which makes Defendants' role as judicial watchdogs extremely important and necessary.  A litigant who has suffered criminal acts at the hands of the New York State Judiciary has no practical recourse except through Defendants offices.  Therefore, Defendants failure to perform their duty when faced with clear and

unambiguous judicial corruption was an overt act that deprived me of the equal protection of the law.

## SECOND CLAIM: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

197.    Plaintiff incorporates by reference all paragraphs previously alleged herein.

198.    42 U. S. C. § 1983 (1964 ed.) states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

199.    Every named Defendant occupies a position within the state government of New York. Every act and omission they performed in conspiring with the corrupt judges of the state, or in going along with the unlawful and criminal acts of the Justices who rewrote my Offering Plan, was done under color of state law.

## THIRD CLAIM: VIOLATION OF SUBSTANTIVE DUE PROCESS

200.    Plaintiff incorporates by reference all paragraphs previously alleged herein.

201.    The Due Process Clause of the Fourteenth Amendment contains both procedural and substantive requirements, and substantive due process bars "certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Id.* at 854.

202.    The two elements of a substantive due process claim are the existence of a protected interest, and proof the government arbitrarily or capriciously interfered with that

64

interest. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020 (9th Cir. 2007).

203.    In the present case, there is no question that a property right is a protected interest. There is also no question that attorney-Defendants interfered with my enjoyment of my interest under the Offering Plan by conspiring with the judges who defrauded me of my property rights, or by failing to take appropriate action when confronted with clear and overt corruption.

## FOURTH CLAIM:  CONSPIRACY AGAINST RIGHTS

204.    Plaintiff incorporates by reference all paragraphs previously alleged herein.

205.    18 U.S.C. §241 states:  "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same," those persons are guilty of conspiracy against rights.

206.    In the present case, Defendants engaged in a clear and unmistakable conspiracy to injure and oppress me by depriving me of the property and contractual rights under the Offering Plan.

## FIFTH CLAIM:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

207.    Plaintiff incorporates by reference all paragraphs previously alleged herein.

208.    The tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress.  W. Prosser, Law of Torts, § 12, pp. 49-50, 56 (4th ed. 1971).

209.    In the present case, attorney-Defendants disingenuous assertion that they saw nothing wrong with my case, when there is nothing right about it, is extreme and outrageous conduct.  This conduct was the but-for cause of the severe emotional distress that put me in the hospital, triggering bi-polarity.

## SIXTH CLAIM: *PRIMA FACIE* TORT

210.    Plaintiff incorporates by reference all paragraphs previously alleged herein.

211.    In New York, the elements for prima facie tort are: 1) the intentional infliction of harm, 2) which results in special damages, 3) without any excuse or justification, 4) by an act or series of acts which would otherwise be lawful. The claim does not lie where defendant's action has any motive other than a desire to injure the plaintiff. *Smith v. Meridian Tech, Inc.*, NY Slip Op 05954 (2d Dept. 2011).

## SEVENTH CLAIM: GROSS NEGLIGENCE

212.    Plaintiff incorporates by reference all paragraphs previously alleged herein.

213.    "To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting there from." *Akins v Glens Falls City School Dist.*, 53 N.Y.2d 325, 333, citing Prosser, Torts § 30, at 143 [4th ed].

## PRAYER FOR RELIEF

214.    **WHEREFORE,** *Pro se* Plaintiff James H. Brady prays for relief against the Commission on Judicial Conduct, the Manhattan District Attorney, the New York State Attorney General, and Governor Andrew Cuomo as follows:

215.    $100,000,000 compensatory damages of at least ONE HUNDRED MILLION DOLLARS ($100,000,000) for: