

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

WRITER'S DIRECT DIAL
(212) 416-8651

April 17, 2015

By ECF

The Honorable William H. Pauley
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007-1312

Re:  *Brady v. N.Y.S. Comm'n on Judicial Conduct*, No. 15 Civ. 2264 (WHP)

Dear Judge Pauley:

This Office represents Governor Andrew M. Cuomo, Attorney General Eric T. Schneiderman, and the New York State Commission on Judicial Conduct (the "CJC") (collectively, the "State Defendants").   We respectfully request a pre-motion conference regarding the State Defendants' anticipated motion to dismiss this action.

Plaintiff's Allegations

Plaintiff *pro se* James H. Brady alleges that he is a shareholder in a commercial cooperative in the Hudson Yards District of Manhattan.  Compl. ¶¶ 2 & 26 (ECF No. 1). Plaintiff claims the right to occupy the "12th Floor and Roof Unit," and the right to build structures on the roof to the extent permitted by local law.  *Id.* ¶¶ 26-27.  He alleges that the New York State courts ruled against him in several prior lawsuits over control of the cooperative's air rights; that these adverse rulings resulted from "corruption" and "bribery"; and that the State Defendants took no action in response to Plaintiff's complaints about the judges who ruled against him.  *See, e.g., id.* ¶¶ 6-7, 34-40, 44, 47-50, 59-60, 65, 67, 98 & 101-108.  Plaintiff seeks $100 million in compensatory damages and $300 million in punitive damages.  Compl. at 67.

Page 2

The Complaint asserts federal civil rights claims for alleged violations of (1) the equal protection clause, (2) unspecified rights under color of law, and (3) substantive due process; (4) a criminal conspiracy claim under 18 U.S.C. § 241; and supplemental state law claims for (5) intentional infliction of emotional distress, (6) *prima facie* tort, and (7) gross negligence. Compl. ¶¶ 193-213. Plaintiff demands more than $400 million in damages. *Id.* at 67.

<u>Prior State Court Litigation</u>

Starting in 2007, Plaintiff brought several lawsuits in the New York State courts claiming the right to veto the sale of the cooperative's transferrable air rights to a neighboring property owner. Plaintiff based that claim on language in the cooperative's offering plan that gave him the right to use, and build structures on, the roof. After an earlier proposed sale of the air rights failed to close, the cooperative entity, 450 West 31st Owners Corp. ("Owners Corp."), sold the air rights without Plaintiff's consent in 2012 for $11.5 million. Compl. ¶ 82.

Plaintiff's 2007 lawsuit sought to enjoin the first proposed sale of the cooperative's air rights. In a Decision and Order dated July 2, 2008, Justice Marcy S. Friedman of New York Supreme Court rendered summary judgment against Plaintiff and his wife. In relevant part, the court held that the offering plan unambiguously "gives plaintiffs the right to build structures on or above the roof but does not convey air rights to plaintiffs." *Brady v. 450 West 31st Owners Corp.*, No. 60347/07, 2008 N.Y. Misc. LEXIS 9943, at *4 (Sup. Ct. N.Y. Cnty. July 2, 2008).

The Supreme Court adhered to its decision on reargument. *Brady v. 450 West 31st Owners Corp.*, No. 60347/07, 2009 N.Y. Misc. LEXIS 4590, at *6-7 (Sup. Ct. N.Y. Cnty. Mar. 13, 2009). A panel of the Appellate Division, First Department, unanimously affirmed, holding that the relevant provision of the offering plan "contains no express language giving plaintiffs ownership of or veto power over the building's development rights or air rights[.]" *Brady v. 450 31st Owners Corp.*, 70 A.D.3d 469, 469, 894 N.Y.S.2d 416, 417 (1st Dep't 2010). Plaintiff's motion for reargument, or for leave to appeal to the Court of Appeals, was denied. Compl. ¶ 67.

Plaintiff filed two more state court actions in 2013 against Owners Corp. and more than twenty other defendants, again claiming the right to control the cooperative's air rights. In a Decision and Order dated July 15, 2014, Justice Shirley Werner Kornreich dismissed the action based on collateral estoppel. *Brady v. 450 West 31st Owners Corp.*, Nos. 157779/2013 & 6542226/2013, 2014 N.Y. Misc. LEXIS 3193, at *14-15 (Sup. Ct. N.Y. Cnty. July 15, 2014). The court described the action as "a near perfect example of frivolous conduct," and imposed defense fees as a sanction. *Id.* at *23.

<u>State Defendants' Anticipated Motion to Dismiss</u>

Plaintiff now challenges the State Defendants' alleged inaction in response to his complaints about the state judges who had ruled against him. The Complaint is fatally flawed.

*First*, Plaintiff's federal civil rights claims must be dismissed for lack of subject matter jurisdiction because the State Defendants are shielded by sovereign immunity. U.S. Const., amend. XI. It is well settled that Congress did not abrogate state sovereign immunity with

Page 3

respect to claims arising under 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989), and that New York State has not consented to be sued in federal court under Section 1983. *See Goonewardena v. New York State Workers' Comp. Bd.*, No. 09 Civ. 8244 (LTS) (HBP), 2011 U.S. Dist. LEXIS 111525, at *13 (S.D.N.Y. Sept. 29, 2011).[1]

*Second*, as a private citizen, Plaintiff lacks standing to pursue a claim of criminal conspiracy under 18 U.S.C. § 241. *See, e.g., Hom v. Brennan*, 840 F. Supp. 2d 576, 582 (E.D.N.Y. 2011) (internal citations omitted); *Dugar v. Coughlin*, 613 F. Supp. 849, 852, n.1 (S.D.N.Y. 1985) (internal citations omitted).

*Third*, the applicable statutes of limitations bar Plaintiff's claims, in whole or in part. For example, to the extent that Plaintiff bases his Section 1983 claims on the CJC's dismissal of his complaint against Justice Friedman in 2009, *see* Compl. ¶ 53, it is barred by the three-year statute of limitations for Section 1983 actions. *See Whitfield v. O'Connell*, No. No. 09 Civ. 1925 (WHP), 2010 U.S. Dist. LEXIS 25584 at *12-13 (S.D.N.Y. Mar. 18, 2010), *aff'd*, 2010 U.S. App. LEXIS 23968 (2d Cir. N.Y., Nov. 22, 2010).

*Fourth*, the State Defendants are protected by prosecutorial immunity, a doctrine that extends to the decision not to bring criminal charges. *See, e.g., Schlos v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989). Moreover, whether to bring judicial disciplinary proceedings falls within the CJC's discretion; a plaintiff cannot compel an investigation, much less sue for damages based on the CJC's determination not to bring disciplinary charges. *See Sassower v. Comm'n on Judicial Conduct*, 289 A.D.2d 119, 734 N.Y.S.2d 68, 69 (1st Dep't 2001).

*Finally*, each of Plaintiff's claims is subject to dismissal on multiple grounds for failure to state a claim. For example, the Complaint does not allege the personal involvement needed to state a Section 1983 claim, the requisite agreement to state a conspiracy claim, the extreme conduct necessary to state a claim of intentional infliction of emotional distress, or the malice required to plead a claim of *prima facie* tort. More fundamentally still, the Complaint alleges no wrongdoing by any State Defendants, but only a failure to act in circumstances where there was no legal duty to act.

We look forward to discussing our proposed motion with the Court.

Respectfully submitted,

Michael A. Berg
Assistant Attorney General

---

[1] The *Rooker-Feldman* doctrine provides an additional jurisdictional bar to this action, which is based entirely on Plaintiff's claim that the prior state court judgments were incorrect. This Court cannot revisit the prior state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). For similar reasons, *res judicata* may also bar Plaintiff's claims to the extent he seeks to relitigate the air rights issue.

Page 4

cc:  James H. Brady
      Elizabeth N. Krasnow, Esq.